IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHAD CASTO,

          Plaintiff,

v.                                     CIVIL ACTION NO. 2:23-cv-00798

DEPUTY J. B. THOMPSON,
and DEPUTY L. ROUSH,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendants' Partial Motion to Dismiss* (Document 16), the *Defendants' Memorandum of Law in Support of Partial Motion to Dismiss* (Document 17), the *Plaintiff's Memorandum in Opposition to Defendants' Partial Motion to Dismiss* (Document 28), and the *Defendants' Reply in Support of Partial Motion to Dismiss* (Document 29), as well as all attached exhibits. The Court has also reviewed the Plaintiff's *Complaint* (Document 1). For the reasons stated herein, the Court finds that the motion should be granted in part and denied in part.

**FACTUAL ALLEGATIONS**

The Plaintiff, Chad Casto, is a West Virginia citizen. The Defendants, Deputies J.B. Thompson and L. Roush, are police officers employed by the Jackson County Commission and also citizens of West Virginia. On or about February 26, 2023, the Defendant officers arrested the Plaintiff for breaking and entering. Prior to his arrest, the Plaintiff led the officers on a foot chase. The Plaintiff alleges that after he surrendered to the officers and placed his hands over his

head, they tased him[1] and ordered a canine officer to attack him.  As a result, he suffered severe injuries requiring medical treatment.  The Plaintiff alleges that he did not physically resist or threaten the officers after his surrender.  He claims that the officers' use of force against him was excessive and intended only to punish him in retaliation for leading them on a foot chase.  Video footage of the incident was recorded on the officers' body cameras.  However, the Plaintiff only received footage from one body camera through discovery in his state criminal case.[2]  He contends the footage from the second body camera would have displayed his surrender, and that such footage was intentionally and impermissibly discarded or destroyed by the Defendants to thwart his ability to prove his case.

The Complaint asserts four causes of action: Count I – Violations of Fourth Amendment to United State Constitution; Count II – Battery; Count III – Recklessness/Malicious Conduct; and Count IV –Intentional/Negligent Spoliation.  The Plaintiff seeks damages for his physical injuries and emotional and mental distress, punitive damages, court costs, pre- and post-judgment interest, attorney's fees, and expenses.  Although he has not named the Jackson County Commission as a defendant, he notes that he does not seek punitive damages from that state agency.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or

---

[1] The Plaintiff has indicated an intention to amend the Complaint to remove the taser allegation.  (Pl.'s Resp. to Mot. Dismiss at 2 n.1.)  Although the Plaintiff has yet to seek leave to do so, the Court will not address the taser allegation herein.

[2] Although not stated in the Complaint, the Defendants note that the Plaintiff was charged with ten counts of breaking and entering and later indicted for ten counts of burglary based on the same conduct.  After filing the instant complaint, he pled guilty to three counts of felony breaking and entering, as lesser included offenses, and he was sentenced on February 5, 2024.

2

pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal*, 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

3

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

The Defendants contend dismissal is appropriate only as to the state law claims asserted in Counts II, III, and IV. First, they argue that all three counts are barred by West Virginia's statutory wrongful conduct rule because the Plaintiff's damages arise out of his commission of a felony offense or from his flight from the commission of the same. Alternatively, they assert that Counts III and IV fail as a matter of law. As to Count III, the Defendants contend the Plaintiff's claim for "recklessness/malicious conduct" fails as a matter of law because it is not an independent cause of action, but rather "a method of pleading an exception to a political subdivision's employee's tort immunity." (Defs.' Mem. in Supp. Mot. Dismiss at 6.) They do not seek dismissal of the state claims on the basis of tort immunity. As relevant to Count IV, Defendants argue that the Plaintiff fails to state a claim for intentional spoliation regarding the production of body camera footage for the date of his arrest because he "does not allege the existence of a

4

pending or potential civil action" (Defs.' Mem. in Supp. Mot. Dismiss at 8), nor does he "allege facts establishing that either Defendant had knowledge" of the same (*id.* at 9). In addition, they contend the Plaintiff "concedes that body camera footage was provided" to him in his criminal discovery, "but that the provided video was, in his opinion, insufficient." (*Id.*) Finally, the Defendants argue that the Complaint fails to state a claim against either of them because the "Plaintiff has failed to plead specific conduct of each of the Officers," (Mem. in Supp. Mot. Dismiss at 11) (Document 17), such as which officer ordered the canine to attack or which officer spoliated evidence.

  The Plaintiff maintains that the Complaint "meets or exceeds the pleading requirements under federal law" and thus "there is no legal basis to dismiss" Counts II, III, or IV. (Pl.'s Resp. at 3) (Document 28.) He argues that his criminal conduct does not bar recovery for his state claims because he surrendered before the Defendants ordered the canine to attack him. The Plaintiff does not address whether Count III constitutes an independent cause of action, but nevertheless argues that the Defendants are not entitled to immunity from his state claims. As to Count IV, he withdraws his claim for negligent spoliation but maintains his claim for intentional spoliation. To that end, he argues that the Complaint sufficiently "allege[s] conduct that was carried out for the purpose of defeating plaintiff's claims," that the Defendants "knew of plaintiff's need of the footage, and despite that knowledge intentionally destroyed the footage," and that "the footage was vital to proving his case." (Pl.'s Resp. at 6.) The Plaintiff maintains that the Complaint is sufficiently specific, and that the Defendants' cited authority is factually distinguishable. He reiterates "that the two defendants jointly ordered the dog to attack him," and that the alleged spoliation "was a joint effort that benefited both defendants." (*Id.* at 5–6.)

5

A.  *West Virginia's Statutory Wrongful Conduct Rule*

West Virginia law provides that a person may not recover damages in a civil action if "(1) [s]uch damages arise out of the person's commission, attempted commission, or immediate flight from the commission of a felony; and (2) that the person's damages were suffered as a proximate result of the commission, attempted commission, or immediate flight from the commission or attempted commission of a felony." W. Va. Code § 55-7-13d(c). "The burden of alleging and proving the defense set forth in subsection (c) of this section shall be upon the person who seeks to assert such a defense." *Id.* at § 55-7-13d(d). Further,

> in any civil action in which a person has been convicted or pleaded guilty or no contest to a felony, the claim shall be dismissed if the court determines as a matter of law that the person's damages were suffered as a proximate result of the felonious conduct to which the person pleaded guilty or no contest, or upon which the person was convicted.

*Id.* Here, after filing the instant Complaint, the Plaintiff pled guilty to three counts of felony breaking and entering of a non-dwelling building, in violation of W. Va. Code § 61-3-12, related to his conduct on February 26, 2023. (Defs.' Ex. 3, Plea Agreement) (Document 17-3.) His plea was formally accepted at his sentencing on February 5, 2024. (Defs.' Ex. 6, Order – Sentencing) (Document 17-6.)[3] The Defendants argue that the Plaintiff's damages are a proximate result of his immediate flight from the commission of felony breaking and entering because, "[h]ad Plaintiff not fled from officers, the canine would not [have] been deployed, and Plaintiff would not have sustained a bite injury from the apprehension."[4] (Defs.' Mem. in Supp. Mot. Dismiss at 3.) The

---

[3] To the extent the Plaintiff's criminal case is referenced in the Complaint and relevant to application of the West Virginia statute, the Court considers those relevant exhibits submitted by the Defendants herein. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (courts may consider information in the public record, including dispositions of criminal cases, when reviewing a motion to dismiss pursuant to Rule 12(b)(6)).
[4] Inasmuch as the Defendants advance this argument based on Deputy Thompson's narrative regarding the

Plaintiff maintains that, as pleaded in the Complaint, he surrendered before the canine was deployed and thus his criminal conduct cannot serve to bar his state claims.

The Defendants urge the Court to apply the same reasoning employed in its prior decision in *Sanger v. Dodrill*, 675 F. Supp. 3d 638 (S.D.W. Va. 2023). In *Sanger*, the plaintiff alleged that the defendant law enforcement officer activated his emergency lights and gave chase to the plaintiff after observing him driving recklessly. A high-speed chase ensued, concluding with the plaintiff crashing his motorcycle into a ditch and sustaining serious injuries which were exacerbated when officers and bystanders pulled him out of the ditch. The Court found that the plaintiff's conduct violated West Virginia's felony fleeing statute, and that "there is no reasonable interpretation of the facts alleged that would fail to establish the applicability of § 55-7-13d(c)" where "[t]he core elements of felony fleeing are integral to [the plaintiff's] complaint." *Sanger*, 675 F. Supp. 3d at 644.

In contrast to *Sanger*, the Complaint here alleges that Mr. Casto fled on foot but surrendered *before* the Defendants deployed the canine. Taken as true, the facts in the Complaint do not establish that Mr. Casto's injuries were proximately caused by his flight and the Defendant's pursuit. The Defendants cite no authority, and the Court has found none, where dismissal has been granted on facts like these. The Court finds that it cannot determine as a matter of law, at this stage in the litigation, that the Plaintiff's state claims are barred under § 55-7-13d(c). Thus, dismissal is precluded on this basis.

---

circumstances of the arrest attached to the state criminal complaint, the Court does not consider those facts which contradict the facts set forth in the Complaint, which must be taken as true at this stage of the proceedings.

### B.     Count III – Recklessness / Malicious Conduct

"West Virginia permits a plaintiff who has asserted a Section 1983 claim against a law enforcement officer to pursue an independent claim for assault, battery or other common law intentional tort even if those claims arise from the same facts as the Section 1983 claim." *Weigle v. Pifer*, 139 F.Supp. 3d 760, 775 (S.D. W. Va. 2015) (Copenhaver, J.).   Here, the Plaintiff alleges in Count III that the Defendants' conduct in ordering the canine to attack him after he had surrendered was reckless and/or malicious "and is actionable pursuant to W. Va. Code § 29-12A-5(b)(2)."   (Compl. at ¶¶ 14–17.)   However, Section 29-12A-5(b) provides that

> (b) An employee of a political subdivision is immune from liability unless one of the following applies:
> (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities;
> (2) *His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner*; or
> (3) Liability is expressly imposed upon the employee by a provision of this code.

W. Va. Code § 29-12A-5(b) (emphasis added).   As the Defendants note, Subsection (b)(2) does not provide an independent cause of action, but only provides exceptions to West Virginia's general rule of tort immunity for employees of political subdivisions.   Inasmuch as Count III does not assert an actionable claim and the Defendants do not argue that they are immune from liability, the Court need not determine whether their conduct was reckless or malicious and Count III should be dismissed.

### C.     Count IV – Intentional Spoliation

Inasmuch as the Plaintiff withdraws his claim for negligent spoliation, the Court considers only the Defendants' argument that the Plaintiff fails to allege sufficient facts to establish a claim for intentional spoliation.

"West Virginia recognizes intentional spoliation of evidence as a stand-alone tort when done by either a party to a civil action or a third party." Syl. Pt. 9, *Hannah v. Heeter*, 584 S.E.2d 560 (W. Va. 2003).

> [T]he tort of intentional spoliation of evidence consists of the following elements: (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages.

*Hannah*, 584 S.E.2d at 573. "Once the first six elements are established, there arises a rebuttable presumption that but for the fact of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation." *Id.* However, "[t]he gravamen of the tort of intentional spoliation is the *intent to defeat a person's ability to prevail in a civil action.* Therefore, it must be shown that the evidence was destroyed with the specific intent to defeat a pending or potential lawsuit." *Id.* (emphasis in original).

Here, the Plaintiff alleges that (1) the "Defendants' conduct of ordering the dog to attack [him] after he surrendered was a violation of West Virginia state law … as well as [his] constitutional rights" (Compl. at ¶ 19); (2) the "Defendants were aware that this conduct was actionable under state and federal law" (*id.*); (3) footage of the incident was recorded by both Defendants' body cameras, but footage from one body camera which would have shown the Plaintiff's surrender was not produced in criminal discovery and "has apparently been destroyed" or "intentionally discarded" (*id.* at ¶¶ 20–22); (4) the evidence "was vital to the ability of Plaintiff" to prove his claims in this civil action (*id.* at ¶ 24); (5) the Defendants "had knowledge that the body cam surveillance footage was needed in Plaintiff's case" and they "destroyed or spoliated the

9

video footage with the intent to defeat Plaintiff's ability to prove his case" (*id.* at ¶ 23); and (6) the Plaintiff "has no other means to produce or obtain the bodycam footage" such that he "has been injured by the spoliation of direct evidence that would have proven the truth of his claims in this matter" (*id.* at ¶¶ 24–25). Taking these factual allegations as true, the Court finds that the Plaintiff has set forth sufficient facts to state a claim for intentional spoliation related to the Defendants' alleged destruction of footage from one of their body cameras which would have corroborated the Plaintiff's claims regarding the Defendants' use of excessive force in his arrest. Specifically, the Plaintiff has pled facts, when accepted as true, support a finding that the Defendants, at the very least, willfully destroyed evidence vital to the Plaintiff's proof of a potential claim with knowledge of that potential claim and with the intent to defeat the same.

### D. *Specific Conduct of Each Officer*

The Defendants argue that the Plaintiff's failure to specify and differentiate between the alleged conduct of Deputy Thompson and Deputy Roush is fatal to his claims against each of them. As an initial matter, it is unclear from their argument which claims the Defendants seek to dismiss on this ground, as they repeatedly refer to "claims" in the plural. Inasmuch as their motion to dismiss is directed only at the Plaintiff's state tort claims, however, the Court assumes that they seek dismissal only as to Counts II, III and IV for failure to specify the conduct of each officer.[5]

---

5 Confusingly, the Defendants' reply appears to challenge the sufficiency of the Plaintiff's claim for excessive force, which they are not seeking to dismiss here, and references an officer not named in the instant matter. (Defs.' Reply at 5) ("Plaintiff contends that his simple identification of Sgt. Horn as the only individually named Defendant is sufficient to establish a claim that Sgt. Horn used excessive force. ECF No. 24, at p. 4-6. Not so.") The Court is aware that attorneys frequently litigating the same or similar claims often look to prior briefs for case law and arguments which may be useful. However, counsel is advised that the failure to proofread and tailor such arguments to the facts and arguments relevant to a different matter can impact their credibility with the Court and impact the Court's ability to properly analyze the motion.

10

The Defendants urge the Court to draw a comparison between the Plaintiff's Complaint and the complaint considered by the Fourth Circuit in *Langford v. Joyner*, 62 F.4th 122 (4th Cir. 2023). There, the Fourth Circuit held that the plaintiff failed to satisfy the requisite standard for stating a plausible Eighth Amendment *Bivens* claim where his complaint "failed to adequately plead that each Defendant was aware of his medical condition and aware of the risks of failing to treat him." *Langford*, 62 F.4th at 127. It reasoned that "requiring specific factual allegations for each defendant gives fair notice to *that* defendant of the plaintiff's claim and the underlying factual support." *Id.* at 125 (emphasis in original) (internal citations omitted). "That reasoning is consistent with *Bivens* liability, which is 'personal, based upon each defendant's own constitutional violations.'" *Id.* (quoting *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001)). Accordingly, because the plaintiff "did not identify who the Defendants are beyond being employees at FCI Estill, in what capacity each Defendant interacted with [him], or how (or even if) each Defendant was responsible for [his] medical treatment," the Fourth Circuit determined that he could not meet the pleading standard. *Id.*

Setting aside the fact that the Defendants have not indicated an intention to seek dismissal of the Plaintiff's § 1983 excessive force claim in Count I of the Complaint, the Court finds that the Plaintiff has alleged the Defendants' conduct with sufficient specificity. The Complaint names both deputies, alleges that they both chased the Plaintiff on foot, and that both participated in having the dog attack the Plaintiff after he surrendered. In addition, the Plaintiff alleges that the spoliation of body camera footage was a joint effort meant to benefit both Defendants. While discovery may reveal further evidence regarding the extent of each Defendants' conduct, the Court

finds at this juncture that the Plaintiff has sufficiently specified the Defendants' roles in the underlying incident.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Partial Motion to Dismiss* (Document 16) be **GRANTED** as to Count III, and **DENIED** as to Counts II and IV.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 3, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA